337 So.2d 1151 (1976)
STATE of Louisiana
v.
Charles FINLEY.
No. 58337.
Supreme Court of Louisiana.
October 6, 1976.
*1152 Bertrand De Blanc, Lafayette, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Research and Appeals Division, for plaintiff-appellant.
Jack Yelverton, Executive Director, Louisiana District Attys' Assoc., Baton Rouge, John M. Mamoulides, President, Louisiana District Attys' Assoc., Abbott J. Reeves, Research and Appeals Division, Gretna, for amicus-curiae.
PER CURIAM:
The Grand Jury of Lafayette Parish indicted Charles Finley for aggravated rape, a capital offense in violation of LSA-R.S. 14:42. The defendant filed a motion to quash the indictment. The motion alleged that the statute no longer contained a criminal penalty, since the United States Supreme Court had invalidated the death penalty. See Roberts v. Louisiana, 428 U.S. ___, 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976).
The trial judge quashed the indictment. On application of the State under our supervisory jurisdiction, we granted writs to review the ruling. La., 335 So.2d 35 (1976).
During the pendency of the case in this Court, the State filed a Bill of Information, charging the defendant with forcible rape, a violation of LSA-R.S. 14:43.1, based on the same incident as the quashed charge. After trial, the jury returned a verdict of not guilty.
Forcible rape is a lesser included offense of aggravated rape. See LSA-C.Cr. P. Art. 814(A)(8). Inasmuch as the defendant has been adjudicated not guilty of the lesser included offense, the aggravated rape charge is no longer viable. See LSA-C. Cr.P. Arts. 591, 596; Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Cain, La., 324 So.2d 830 (1975).
For the reasons assigned, the writs granted herein are now vacated and recalled.